I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 7·30·12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 3 0 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

REBECCA GOLDEN BRASWELL,  ) Case No. CV 12-6221-SVW (JPR)
)
         Petitioner,  )
) ORDER TO SHOW CAUSE
    vs.  )
)
D.K. JOHNSON, Acting Warden,  )
)
         Respondent.  )

On July 19, 2012, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging her conviction for first-degree murder. The Petition contains five claims, including ground one, which asserts that her presiding trial judge was "ineffective" because his terminal illness at the time of her trial rendered him incompetent.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[1] Exhaustion requires that the petitioner's contentions

---

[1] A habeas petition "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available

were fairly presented to the state courts, <u>Ybarra v. McDaniel</u>, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, <u>Greene v. Lambert</u>, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982). A federal court may raise the failure-to-exhaust issue sua sponte and summarily dismiss on that ground. <u>See</u> <u>Granberry v. Greer</u>, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119 (1987); <u>Stone v. City & Cnty. of S.F.</u>, 968 F.2d 850, 856 (9th Cir. 1992) (dictum).

    In section seven of the Petition, Petitioner indicates that ground one has never been presented to any level of the California state courts (Pet. at 5); in contrast, she asserts that all other grounds have been exhausted in a Petition for Review before the California Supreme Court (<u>id.</u> at 5-6). Ground one therefore is unexhausted, and her inclusion of that claim renders the Petition a "mixed petition" containing both exhausted and unexhausted claims. Such petitions must generally be dismissed. <u>See</u> <u>Rose</u>, 455 U.S. at 518. If it were clear that Petitioner's unexhausted claim was procedurally barred under state law, the exhaustion requirement would be satisfied. <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 1060,

---

State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). Because Petitioner's claim apparently did not arise until after her trial had concluded and her appeal was already under way, it is not at all clear that the claim is procedurally barred.

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust an unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005). Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts her state remedies are as follows: (1) the petitioner must show good cause for her failure to exhaust her claims first in state court, (2) the unexhausted claims must not be "plainly meritless," and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

Petitioner acknowledges that ground one is unexhausted but claims that the judge's terminal illness and subsequent passing were not known to her or her family until after she was "convicted, sentenced, and sent to [prison]." (Pet. at 5-6.) Petitioner does not explain, however, why she did not file a state habeas petition raising the claim. Thus, it is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements.

IT THEREFORE IS ORDERED that on or before August 27, 2012, Petitioner shall (1) file a formal stay-and-abey motion if she believes she can make the requisite showings; (2) voluntarily dismiss the Petition without prejudice pursuant to Federal Rule

3

of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under § 2244(d)(1); (3) voluntarily dismiss ground one of the Petition and elect either to proceed on her exhausted claims or seek a stay of the fully exhausted Petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended) (allowing for stays of fully exhausted federal petitions without showing of good cause), with the understanding that she will be allowed to amend any newly exhausted claims into the Petition only if those claims are timely and "relate back" to the original claims; or (4) show cause in writing why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.

DATED: July 30, 2012

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE