**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REBECCA GOLDEN BRASWELL, | Case No. CV 12-6221-SVW (JPR) |
| Petitioner, | |
| v. | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| D.K. JOHNSON, Warden, | |
| Respondent. | |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On October 8, 2014, Petitioner, through counsel, filed objections to the R&R, in which she addresses only her claim that the trial court violated the Constitution in refusing to sever her trial from codefendant Matthew Toerner's. As to her other claim, concerning the admission at trial of prior acts of domestic violence, she "rests on the arguments she made . . . in her Reply" to the Answer to the Petition. (Objections at 7.)

On July 6, 2015, following the Ninth Circuit's decisions in Mitchell v. Valenzuela, 791 F.3d 1166, 1169-70 (9th Cir. 2015) (holding that magistrate judge generally may not deny motion to stay habeas petition), and Bastidas v. Chappell, 791 F.3d 1155,

1164-65 (9th Cir. 2015) (holding that magistrate judge may dismiss unexhausted claims at petitioner's request and deny pending motion to dismiss as moot), the Magistrate Judge issued an order giving the parties the opportunity to object to her withdrawn report and recommendation of September 19, 2012, and orders of October 11, 2012, and April 3, 2013. See id. at 1164 (when magistrate judge has denied stay, that order should be construed as report and recommendation and parties should be given opportunity to object to it).  On September 1, 2015, Petitioner filed objections to the Magistrate Judge's April 3 order as well as a related April 19 order and requested a stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005).  On September 28, 2015, Respondent filed a response and opposition to the stay request, and on October 5 Petitioner filed a reply.

    Petitioner's objections to the court of appeal's and R&R's findings concerning the severance issue cannot prevail because, as an initial matter and as explained in the R&R, the Supreme Court has never held that denial of a severance motion can violate the Constitution.  (See R&R at 21-23 (citing cases).) Thus, no "clearly established Federal law" exists under which Petitioner can find habeas relief.  See § 2254(d)(1).  In any event, her objections do not materially affect the analysis in the R&R even were habeas relief theoretically available.

    Petitioner contends that the court of appeal unreasonably determined the facts in finding that one of the victim's neighbors testified that a "period of time" – as is necessary for a lying-in-wait allegation – elapsed between when she heard a car drive up to the murder victim's house and when the shots that

killed him were fired.  (Objections at 2-3.)  This argument is fully addressed in the R&R, and for the reasons stated in it, neither the court of appeal nor the Magistrate Judge unreasonably concluded that the neighbor's testimony concerning the gap between the two events – a minute or so – demonstrated the existence of the necessary "period of time."  (R&R at 27-28.)  Indeed, Petitioner herself told the police, in a statement that was played for the jury, that her two codefendants were "parked outside of [the victim's] place . . . and . . . as soon as [the victim] came out – [Toerner] walked to where his back was to them and he put three shots in his back" (Lodged Doc. I, 4 Clerk's Tr. at 84), essentially conceding that they were lying in wait.

Petitioner also contends that the Magistrate Judge erred in finding that the neighbor testified that she saw Petitioner and Toerner scoping out the victim's house a couple of days before the murder.  (Objections at 3 (citing R&R at 26-27).)  Petitioner claims that the neighbor actually testified that she saw the third codefendant, Shannon Butler, who pleaded guilty, with Toerner before the killing, and that this is apparent from the neighbor's testimony about the person's blondish hair.  (Id.)  In fact, the neighbor's testimony as to which female defendant she saw is not clear, but she did testify that she didn't make her photo-lineup identification based on hair color because she "didn't see much of" it.  (Lodged Doc. H, 6 Rep.'s Tr. at 932.)  Still, it appears from the testimony of the police detective who showed the neighbor two photo lineups that she did in fact identify Butler, not Petitioner, as having been outside the victim's house with Toerner on two occasions before the shooting.

3

1  (See Lodged Doc. H, 7 Rep.'s Tr. at 1088-90.)  Accordingly, the
2  Court does not accept that finding of the Magistrate Judge.
3  Nonetheless, for all the other reasons stated in the R&R, the
4  jury could reasonably have found the lying-in-wait allegation
5  against Petitioner even without the admission of Toerner's
6  statement that he and Butler waited 30 to 40 minutes.[1]

7  Finally, Petitioner contends that the court of appeal
8  unreasonably determined that the nature of the sentence
9  Petitioner faced in light of the lying-in-wait allegation was not
10 different from what she faced without it, and therefore her trial
11 should have been severed from Toerner's because the special
12 circumstance could not have been alleged without his statement.
13 As explained above, the lying-in-wait allegation did not rest
14 entirely on Toerner's statement.  But in any event, for the
15 reasons discussed in the R&R (see R&R at 30-31), the court of
16 appeal was not objectively unreasonable in concluding that this
17 factor did not warrant severance.

18  As for Petitioner's supplemental objections, requesting a
19 Rhines stay and abeyance, she also cannot prevail.  The question
20 before the Court is whether the Magistrate Judge's reasoning in
21 her orders denying Petitioner's Rhines-stay request as to grounds

---

[1] Petitioner claims that the prosecution "acknowledg[ed] that Toerner's confession was the basis for the lying-in-wait allegation" against Petitioner.  (See, e.g., Objections at 5.)  In fact, the prosecutor informed the Court that he planned to seek a lying-in-wait penalty against Petitioner before the defense had indicated whether Toerner would testify, stating that although he had originally believed the viability of the allegation would depend on whether Toerner's statement was admitted, he "modified [his] view on that" as he "listen[ed] to the [other] evidence as it came in."  (See Lodged Doc. H, 8 Rep.'s Tr. at 1387, 1390-92.)

4

two and five of the Petition was flawed based on the record at that time. See Bastidas, 791 F.3d at 1164 ("The court should determine *de novo* whether a stay was warranted . . . at the time [petitioner] made his motion, and may consider the magistrate judge's order as a report and recommendation, along with any objections from the parties."). Based on the record before her at the time, the Magistrate Judge here clearly did not err, as Petitioner had offered essentially no evidence or argument in support of a stay. Petitioner's subsequently appointed counsel's after-the-fact arguments are beside the point.

But even if the Court chooses to consider them, see Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (court must exercise discretion in determining whether to consider arguments raised for first time in objections to magistrate judge's report and recommendation), Petitioner is not entitled to a Rhines stay because grounds two and five of the Petition are both "plainly meritless." See Rhines, 544 U.S. at 277. Ground two, an ineffective-assistance-of-counsel claim concerning counsel's alleged failure to investigate, is plainly meritless because Petitioner has not submitted any declaration from trial counsel concerning his strategic choices or indicated that she tried to obtain one and he did not cooperate. See Gentry v. Sinclair, 705 F.3d 884, 899-900 (9th Cir. 2012) (as amended Jan. 15, 2013) (ineffective-assistance-of-counsel claim fails when not supported by affidavit of trial counsel), cert. denied, 134 S. Ct. 102 (2013).

Petitioner's claim of actual innocence, ground five, also fails. As an initial matter, the U.S. Supreme Court has never

recognized a freestanding actual-innocence habeas claim. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."). The Supreme Court has suggested, however, that the threshold showing for any such claim would be "extraordinarily high." Herrera v. Collins, 506 U.S. 390, 417 (1993); see also House v. Bell, 547 U.S. 518, 555 (2006) (noting that Herrera likely requires "more convincing proof of innocence" than actual-innocence gateway standard for overcoming procedural default under Schlup v. Delo, 513 U.S. 298 (1995)). Petitioner has not met that standard, as she presents no new evidence in support of her actual-innocence claim and simply reargues the evidence introduced during her trial. (See Supp. Objections at 10 (arguing that Petitioner is "actually innocent" based on codefendant's trial testimony); see also Pet. at 6 (same)); see Schlup, 513 U.S. at 324 (requiring claims of actual innocence to be supported by "new reliable evidence . . . that was not presented at trial"). Even if Petitioner relied on the one theoretically "new" piece of evidence she has presented, her mother's declaration that Petitioner's victim husband committed an act of domestic violence (see Supp. Objections, Ex. E), the claim would still be plainly meritless because the mother's testimony would not have made it "more likely than not that no reasonable juror would have convicted [Petitioner] in the light of the new evidence," Schlup, 513 U.S. at 327, given the trial testimony that Petitioner had repeatedly assaulted her husband in acts of domestic violence before she had him killed, including by stabbing him in the leg

1  (see R&R at 32-40).
2       The Court therefore accepts the findings and recommendations
3  of the Magistrate Judge except her factual finding that the
4  neighbor identified Petitioner as having been near the victim's
5  house a couple of days before the murder.  IT IS ORDERED that the
6  Petition is denied without leave to amend and Judgment be entered
7  dismissing this action with prejudice.[2]

9  DATED:  July 26, 2016           _____
                                    STEPHEN V. WILSON
10                                  U.S. DISTRICT JUDGE

---

[2] Petitioner argues that even apart from Rhines, the Court has the inherent power to stay this case while she exhausts her claims. (Supp. Objections at 11-12.)  To the extent that is true, the Court chooses not to do so for the reasons herein.

7